SEAN K. KENNEDY (No. 145632)
Federal Public Defender
(E-mail: Sean_Kennedy@fd.org)
NADINE C. HETTLE (No. 149842)
Deputy Federal Public Defender
(E-mail: Nadine_Hettle@fd.org)
321 East 2nd Street
Los Angeles, California 90012-4202
Telephone (213) 894-4790
Facsimile (213) 894-0081

Attorneys for Defendant
TOYONNIE R. WOODLEY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. CR 10-1052-DMG |
| Plaintiff, | NOTICE OF MOTION; MOTION TO RENEW MOTION TO SUPPRESS STATEMENTS |
| v. | |
| TOYONNIE R. WOODLEY, | |
| Defendant. | |

TO: UNITED STATES ATTORNEY ANDRE BIROTTE JR. AND ASSISTANT UNITED STATES ATTORNEY MELISSA MILLS:

PLEASE TAKE NOTICE that on July 5, 2011, at 8:30 a.m., or as soon thereafter as counsel may be heard, in the courtroom of the Honorable Dolly M. Gee, United States District Judge, defendant Toyonnie R. Woodley, will bring on for hearing the following motion:

## MOTION

Defendant Toyonnie R. Woodley, by and through his counsel of record Deputy Federal Public Defender Nadine C. Hettle, hereby files Notice of Motion; Motion to Renew Motion to Suppress Statements for an order suppressing statements given by Mr. Woodley to officers of the Federal Protective Service on May 5th and 6th of 2010, 2010 on the grounds that they were not made voluntarily.

This motion is made pursuant to the Fifth Amendment to the United States Constitution and is based upon the attached memorandum of points and authorities, the Motion to Suppress Statements and Reply to Government's Opposition to Motion to Suppress Statements filed on April 25, 2011, and May 10, 2011, respectively; the declarations in support of those motions; and any testimony adduced at the May 23, 2011 motion's hearing.

Respectfully submitted,

SEAN K. KENNEDY
Federal Public Defender

DATED: June 27, 2011         By     /S/NADINE C. HETTLE
                                NADINE C. HETTLE
                                Deputy Federal Public Defender

/

| | |
|---|---|
| 1 | MEMORANDUM OF POINTS AND AUTHORITIES |
| 2 | I. |
| 3 | INTRODUCTION |

    Defendant Toyonnie Woodley previously filed a Motion to Suppress Statements on April 25, 2011, based on violation of his Fifth Amendment right against self-incrimination, specifically that his Miranda rights were violated and his statements were not voluntarily made. On May 23, 20011, the court heard the motion and denied the relief sought by the defense. The defense herein requests the court renew its motion to suppress based on additional evidence that his statements were not voluntarily made. The defense incorporates the previously filed briefings and declarations by reference and argues the additional facts and law concerning voluntariness in this motion.

II.

SUPPLEMENTAL STATEMENT OF FACTS

    During May 2020, Mr. Woodley was a security guard with Paragon Systems, a company that contracts with the federal government to provide security services at numerous federal buildings. Mr. Woodley had worked for Paragon and its predecessor US Protects at the federal building in Laguna Nigel, California for some time, including during October 2007, the month when the theft incident which is the subject of the indictment occurred.

    In June of 2010, Mr. Woodley was working at a different federal facility in Hawthorne, California. It was there he was confronted by Federal Protective Service Officers George Chapman and Tony Wu at the end of his shift. At the beginning of their conversation before Mr. Woodley had given any incriminating statements, Officer Chapman began to confront Mr. Woodley with the evidence against him. Around this point in the conversation, Officer Chapman stated "If you don't talk to us, Paragon is going to terminate you." See Declaration of Toyonnie Woodley attached hereto as Exhibit A.

III.

ARGUMENT

A. MR. WOODLEY'S STATEMENTS WERE INVOLUNTARY UNDER THE FIFTH AMENDMENT BECAUSE THEY WERE MADE SUBSEQUENT TO HIM HAVING BEEN INFORMED THAT HE WOULD HAVE SUFFERED ADVERSE EMPLOYMENT CONSEQUENCES HAD HE NOT CONSENTED TO WAIVE HIS RIGHTS.

The Fifth Amendment provides that "[n]o person . . . shall be compelled in any criminal case to be a witness against himself." U.S. Const. amend. V. The Constitution requires that "the government seeking to punish an individual produce the evidence against him by its own independent labors, rather than by the cruel, simple expedient of compelling it from his own mouth." *Miranda v. Arizona*, 384 U.S. 436, 460 (1966).

The Court has held that if an individual is subjected to a practice that "den[ies him] . . . a free choice to admit, to deny, or to refuse to answer," then any statement he makes is considered involuntary and cannot be used in a criminal proceeding. *Garner v. United States*, 424 U.S. 648, 657 (1976) (citation omitted). In these cases, the Fifth Amendment is considered "self-executing," and an individual does not need to invoke it in order to have his admissions suppressed in an ensuing criminal prosecution. *United States v. Saechao,* 418 F.3d 1073, 1077 (9th Cir. 2005) (citation omitted). One context where the Court has repeatedly held that an individual has been denied the free choice to admit, to deny, or to refuse to answer are what the Court has referred to as a "penalty situation." *Id*. In these "penalty" cases, the Court held that the penalty threatened to be imposed if the privilege against self-incrimination was not waived rendered the subsequent statements involuntary.

In a series of "penalty" cases involving the Fifth Amendment rights of public employees, the Court has made clear that public employees cannot be compelled

to choose between providing unprotected incriminating testimony or losing their jobs. *See Uniformed Sanitation Men Ass'n v. Comm'r of Sanitation*, 392 U.S. 280 (1968) (holding Fifth Amendment violation when city employees were discharged for invoking Fifth Amendment privilege against self-incrimination); *Garrity v. New Jersey*, 385 U.S. 493 (1967) (holding Fifth Amendment violation when police officers gave confession under threat of discharge); *Gardner v. Broderick*, 392 U.S. 273 (1968) (holding Fifth Amendment violation when police officer was threatened with and subsequently discharged from employment if he did not waive his Fifth Amendment immunity in conjunction with a grand jury investigation); *see also Lefkowitz v. Cunningham*, 431 U.S. 801 (1977) (holding attorney's Fifth Amendment immunity violated when the state divested him of his state political party office for refusing to waive his constitutional immunity before a grand jury). Individuals whom work with the government on a contract basis are also similarly protected. See *Lefkowitz v. Turley, et al*, 414 U.S. 70 (1973).

The District of Columbia and the Eleventh Circuit have interpreted "the *Garrity–Lefkowitz–Murphy* line of authority", to mean that "[the defendant] must have in fact believed his . . . statements to be compelled on threat of loss of job and this belief must have been objectively reasonable." *United States v. Friedrick*, 842 F.2d 382, 395 (D.C. Cir. 1988) (Starr, J.). *See also United States v. Vangates*, 287 F.3d 1315, 1322 (11th Cir. 2002) (adopting *Friedrick's* subjective / objective test). If the accused did reasonably believe he would suffer job loss or adverse employment action if he did not waive his rights, the subsequent statement is involuntary and cannot be used against him at trial. *See Friedrick*, 842 F.2d at 402 (upholding suppression of statements).

The Ninth Circuit has held that, in the classic "penalty" situation, for a defendant to establish his Fifth Amendment claim two things must be shown: "(1) that the testimony desired by the government carried the risk of incrimination"; and "(2) that the penalty he suffered amounted to compulsion." *United States v. Antelope*, 395 F.3d 1128, 1134 (9th Cir. 2005) (citations omitted).

Here, it is self-evident that the statements elicited by FPS Officer Chapman carry "the risk of incrimination" given that the government seeks to admit them as evidence at trial to carry its burden of proving Mr. Woodley guilty beyond a reasonable doubt of the charged offenses.

Further, the threatened penalty if Mr. Woodley did not consent to speak with Officer Chapman is the exact type of penalty—adverse employment consequences—that the Court has previously held rendered a statement involuntary. The Supreme Court's discussion in *Garrity* is illustrative on this point:

> The choice given petitioners was either to forfeit their jobs or to incriminate themselves. The option to lose their means of livelihood or to pay the penalty of self-incrimination is the antithesis of free choice to speak out or to remain silent. That practice, like the interrogation practices we reviewed in *Miranda v. State of Arizona*, 384 U.S. 436, 464-465, 86 S.Ct. 1602, 1623, 16 L.Ed.2d 694, is 'likely to exert such pressure upon an individual as to disable him from making a free and rational choice.' We think the statements were infected by the coercion inherent in this scheme of questioning and cannot be sustained as voluntary under our prior decisions.

*Id*. at 497. Here, Mr. Woodley was told Officer Chapman that he would be terminated by his employer if he did not speak to him. He reasonably believed that his refusal to speak would lead to his termination. See Declaration of Toyonnie Woodley attached hereto as Exhibit A. There was no valid waiver of his Fifth Amendment rights because "[w]here the choice is between the rock and the whirlpool, duress is inherent in deciding to waive one or the other." *Id*. at 498 (citation and quotation marks omitted). Because the statement was compelled within the meaning of the Fifth Amendment, it cannot be used at trial for any purpose, including impeachment.

//
//

## IV.
## CONCLUSION

The statements given by Mr. Woodley on must be suppressed because they were compelled within the meaning of the Fifth Amendment, and cannot be used at trial for any purposes.

Respectfully submitted,

SEAN K. KENNEDY
Federal Public Defender

DATED:   June 27, 2010          By      /S/ Nadine C. Hettle
                                     NADINE C. HETTLE
                                     Deputy Federal Public Defender